Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOIS HILL DESIGNS, LLC, a Delaware Limited Liability Company,<br><br>              Plaintiff,<br><br>v.<br><br>UNIQUE DESIGNS, INC., a New York Corporation,<br><br>              Defendant. | No. 2:20-cv-01403-RSL<br><br>**MOTION TO DISMISS UNJUST ENRICHMENT CLAIM**<br><br>NOTE ON MOTION CALENDAR:<br>**March 5, 2021** |

## I.   INTRODUCTION

This is a breach of contract case. Plaintiff Lois Hill Designs, LLC ("LHD") has alleged that an express contact governed its relationship with Defendant Unique Designs, Inc. ("UD"). UD agrees. Yet despite that both parties acknowledge that an express contract governed the subject of this litigation, LHD asserts an unjust enrichment claim against UD. Under Washington law, LHD cannot contend that UD breached an express contract and simultaneously claim that UD has been unjustly enriched. LHD's claim for unjust enrichment must be dismissed.

MOTION TO DISMISS UNJUST
ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 1



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## II. FACTS

For purposes of this Motion to Dismiss only, the following relevant allegations are taken as true (though LHD's allegations of UD's breach and conduct in settlement discussions are vigorously disputed by UD). LHD is a jewelry designer. First Amended Complaint ¶ 3.1. UD is a jewelry manufacturer and wholesaler. *Id.* ¶ 3.4. In February of 2019, LHD and UD entered a contract. *Id.* ¶ 3.6. Under the terms of the contract, UD "was to use its expertise and substantial retail distribution network to sell the Lois Hill brand and jewelry collections throughout North America in department stores, online retailers, jewelry stores, and other major channels of distribution." *Id.* ¶ 3.7. To that end, the contract granted UD a "license to market, sell, and distribute Lois Hill brand products." *Id.* ¶ 3.10.

LHD contends that UD breached the contact in multiple ways. *Id.* ¶¶ 3.21-3.32, 4.3. LHD further contends that a settlement of claims arising from UD's alleged breaches is invalid due to UD's outside general counsel's purported *ex parte* communications with LHD.[1] *Id.* ¶¶ 3.34-3.35. Based on these alleged breaches, LHD asserts claims for breach of contract, *id.* ¶¶ 4.1-4.5, for breach of the implied covenant of good faith and fair dealing, *id.* ¶¶ 5.1-5.4, for declaratory judgment, *id.* ¶¶ 6.1-6.6, and for unjust enrichment. *Id.* ¶¶ 7.1-7.6. Because LHD has alleged that the contract was valid (an allegation with which UD agrees), *see id.* ¶ 4.2 ("The Agreement is an enforceable written contract supported by valuable consideration."), LHD's unjust enrichment claim must be dismissed.

## III. ARGUMENT

### A. Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[1] UD disputes LHD's characterization of this interaction and intends to enforce the settlement agreement between UD and LHD. However, that requires facts beyond those LHD has pled in its First Amended Complaint and accordingly is not a subject of this motion to dismiss.

MOTION TO DISMISS UNJUST ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.*

Dismissal is appropriate where the complaint "fails to state a cognizable legal theory . . . to support a claim." *Singleton v. Intellisist, Inc.*, No. C17-1712RSL, 2018 WL 2113973, at *1 (W.D. Wash., May 8, 2018). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citations omitted); *see also Iqbal*, 556 U.S. at 679. The court should not accept as true allegations that state only legal conclusions. *See Iqbal*, 556 U.S. at 678-79 (court is not required to accept as true a "legal conclusion couched as a factual allegation").

**B. LHD's Unjust Enrichment Claim Must be Dismissed**

**1. LHD's Allegation that the Contract is Enforceable is Fatal to LHD's Unjust Enrichment Claim**

Unjust enrichment is an equitable theory that invokes an implied contract where no express contract exists. *Young v. Young*, 164 Wn. 2d 477, 484, 191 P.3d 1258 (2008). "Under Washington law, a plaintiff who is a party to a 'valid express contract is bound by the provisions of that contract' and may not bring a claim for unjust enrichment for issues arising under the contract's subject matter." *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186 (W.D. Wash. 2010) (quoting *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn. 2d 591, 604, 137 P.2d 97 (1943)). Abundant additional authority is in accord. *See, e.g., U.S. for the Use & Benefit of Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199,

MOTION TO DISMISS UNJUST
ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1204 (9th Cir. 2002) ("Having affirmed the validity of [two contracts, plaintiff] cannot proceed against [defendant] by way of unjust enrichment. [Plaintiff's] claim, if any, must be for breach or enforcement of one or both of these agreements.") (applying Washington law); *Ehreth v. Capital One Servs, Inc.*, No. C08-0258RSL, 2008 WL 3891270, at *3 (W.D. Wash., Aug. 19, 2008) (dismissing unjust enrichment claim on Fed. R. Civ. P. 12(b)(6) motion when express contract governed the parties' relationship); *Triple Diamond Investments LLC v. Tonkon Torp LLP*, No. C15-5594 BHS, 2016 WL 337266, at *4 (W.D. Wash., Jan. 1, 2016) (despite allegation that no written contract governed relationship between parties, finding that plaintiff's "implicit[] [concession] that some agreement existed between the parties" warranted dismissal of unjust enrichment claim for failure to state a claim upon which relief can be granted); *Guketlov v. HomeKey Mortgage, LLC*, No. C09-1265JLR, 2009 WL 3785575, at *5 (W.D. Wash., Nov. 9, 2009) (Fed. R. Civ. P. 12(b)(6) dismissal with prejudice).

LHD may argue that it was somehow harmed by conduct not arising from the contract. But "a party to an express contract may not bring an action under a theory of an implied contract relating to the same matter." *Ehreth*, 2008 WL 3891270, at *3; *see also Swartz v. Deutsche Bank*, No. C03-1252MJP, 2008 WL 1968948, at *25 (W.D. Wash., May 2, 2008) ("Generally, a party to an express contract may not bring an action under an implied contract 'relating to the same matter.'") (quoting *Moses Lake Const. Co., Inc. v. Johnson*, 134 Wn. App. 1011, 2006 WL 2147602, at *5 (July 27, 2007)). Any harm allegedly suffered by LHD arose from the contractual relationship between LHD and UD. LHD's First Amended Complaint is devoid of any allegation of harm for conduct not governed by the LHD-UD agreement. Accordingly, LHD's unjust enrichment claim must be dismissed. *See Bardy v. Cardiac Science Corp.*, No. C13-0778JLR, 2013 WL 5588313, at *8 (W.D. Wash., Oct. 10, 2013) (observing that unjust enrichment claim may proceed when dispute is "removed from the confines of the express contract," but finding that

MOTION TO DISMISS UNJUST ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

dispute was governed by express contract and dismissing unjust enrichment claim, with prejudice, on Fed. R. Civ. P. 12(b)(6) motion); *see also Reading Hospital v. Anglepoint Group, Inc.*, No. C15-0251-JCC, 2015 WL 12145347, at *2 (W.D. Wash., May 26, 2015) (finding that plaintiff's contention that issue was not "covered under the licensing agreement" presented a question about interpretation of agreement, and therefore "the unjust enrichment claim *is* 'about' the same subject matter that is governed by the contract" and must be dismissed for failure to state a claim) (emphasis in original).

The LHD-UD contract governed the parties' relationship, and all harm allegedly suffered by LHD arose from that contractual relationship. Accordingly, LHD's unjust enrichment claim must be dismissed. *Minnick*, 683 F. Supp. 2d at 1186.

### 2. Alternative Pleading Does not Save LHD's Unjust Enrichment Claim

UD anticipates that LHD will argue that its unjust enrichment claim is permitted under the alternative pleading rules of Fed. R. Civ. P. 8(d). But alternative pleading does not save LHD's unjust enrichment claim for multiple reasons.

First, although UD does not dispute that in some circumstances a party can plead inconsistent alternative claims and defenses, that is not what LHD has done. LHD's unjust enrichment claim specifically "restates and incorporates by reference all prior paragraphs of [its] Complaint as if fully set forth herein." First Amended Complaint ¶ 7.1. A quick review of LHD's First Amended Complaint reveals that in its unjust enrichment claim, LHD has pled alleged facts that nullify that claim, including:

- "On or around February 1, 2019, LH Designs and Defendant entered into a Limited Licensing Agreement." *Id.* ¶ 3.6.
- The contract governed UD's use of "its expertise and substantial retail distribution network to sell the Lois Hill brand and jewelry collections throughout North America in department stores, online retailers, jewelry stores, and other major channels of distribution." *Id.* ¶ 3.7.

MOTION TO DISMISS UNJUST ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

- "The Agreement granted Defendant a non-exclusive, non-assignable, royalty-bearing license to market, sell, and distribute Lois Hill brand products." *Id.* ¶ 3.10.
- "Defendant withheld the licensing royalty payments due to LH Designs under the 'Royalty Payments' section of the Agreement." *Id.* ¶ 3.24.
- "The Agreement is an enforceable written contract supported by valuable consideration." *Id.* ¶ 4.2.
- "Defendant owes LH Designs an implied duty of good faith and fair dealing in Defendant's performance of the Agreement." *Id.* ¶ 5.2.

Every one of these allegations is specifically incorporated into LHD's unjust enrichment claim against UD. *Id.* ¶ 7.1 ("LH Designs restates and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein."). Had LHD actually pled in the alternative, it would not have incorporated these allegations of an enforceable contract between LHD and UD in its unjust enrichment claim against UD. Because a plaintiff may not assert an unjust enrichment claim when a contract governs the parties' relationship, LHD's unjust enrichment claim must be dismissed. *Minnick*, 683 F. Supp. 2d at 1186; *Weststar Engineering*, 290 F.3d at 1204; *Ehreth*, 2008 WL 3891270, at *3.

Next, even ignoring that LHD has specifically incorporated its allegations of a binding contract in its unjust enrichment claim (which alone is fatal to the unjust enrichment claim), alternative pleading does not save LHD's claim. "Even though Rule 8(e)(2)[2] of the Federal Rules of Civil Procedure allows a party to state multiple, even inconsistent claims, it does not alter a substantive right between the parties and accordingly does not allow a plaintiff invoking state law to an unjust enrichment claim while also

---

[2] Fed. R. Civ. P. 8 subsequently was amended such that Fed. R. Civ. P. 8(e)(2) at the time of *Gerlinger* is now Fed. R. Civ. P. 8(d)(2).

MOTION TO DISMISS UNJUST
ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 6



...

alleging an express contract. . . . As a result, plaintiff cannot assert his unjust enrichment claim in the alternative." *Gerlinger v. Amazon.com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004)[3] (internal citations omitted) (citing *New Paradigm Software Corp. v. New Era Networks, Inc.*, 107 F. Supp. 2d 325, 329 (S.D.N.Y. 2000); *Allied Vision Group, Inc. v. RLI Prof'l Techs., Inc.*, 916 F. Supp. 778, 782 (N.D. Ill. 1996); *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 521 (S.D. Ohio 1995)); *see also Minnick*, 683 F. Supp. 2d at 1186 (rejecting alternative pleading argument to save unjust enrichment claim because plaintiffs failed to plead unenforceability of contractual provision).

Finally, UD anticipates that LHD will argue that it should be permitted to advance an unjust enrichment claim because in that claim it contends it is entitled to restitution for benefits received by UD only "to the extent any such benefits are not subject to the terms and conditions of the Agreement." First Amended Complaint ¶ 7.6. Even if this contention were sufficient to avoid Washington's rule that unjust enrichment cannot be claimed when a contract governs the subject matter of that claim, LHD has failed to plead *any* facts supporting the notion that *any* benefits allegedly received by UD from LHD were not subject to the agreement. Accordingly, LHD's unjust enrichment claim must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, LHD's unjust enrichment claim must be dismissed.

---

[3] Although *Gerlinger* involved California law, both California law and Washington law bar claims for unjust enrichment where a valid contract governs the parties' relationship. *Compare California Med. Ass'n v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 114 Cal. Rptr. 2d 109, 125 (Cal. Ct. App. 2001) (An "action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights.") *with Minnick*, 683 F. Supp. 2d at 1186 ("Under Washington law, a plaintiff who is a party to a valid express contract is bound by the provisions of that contract and may not bring a claim for unjust enrichment for issues arising under the contract's subject matter.") (internal quotations omitted).

MOTION TO DISMISS UNJUST
ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 7


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

DATED: February 10, 2021.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:     (206) 428-3251
jroller@aretelaw.com

*Attorneys for Defendant Unique Designs, Inc.*

MOTION TO DISMISS UNJUST
ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated:

**SCHWABE, WILLIAMSON & WYATT, PC**

David R. Ebel
Ryan W. Dumm
Kainui M. Smith
1420 Fifth Avenue, Suite 3400
Seattle WA 98101
debel@schwabe.com
rdumm@schwabe.com
ksmith@schwabe.com

☐ Hand Delivery
☐ Certified Mail
☐ Facsimile
☒ E-mail
☐ U.S. Mail
☒ E-filing

*Attorneys for Plaintiff*

Dated this 10th day of February, 2021.

*/s/ Janet C. Fischer*
Janet C. Fischer
Paralegal

MOTION TO DISMISS UNJUST ENRICHMENT CLAIM
No. 2:20-cv-01403-RSL – Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250