THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOIS HILL DESIGNS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>UNIQUE DESIGNS, INC., a New York Corporation,<br><br>Defendant. | Case No. 2:20-cv-01403-RSL<br><br>**SECOND AMENDED COMPLAINT** |

COMES NOW Plaintiff Lois Hill Designs LLC, by and through counsel Schwabe, Williamson & Wyatt, P.C., and for its Second Amended Complaint against Defendant Unique Designs, Inc. hereby states and avers as follows:

## I. **PARTIES**

1.1. Plaintiff Lois Hill Designs LLC ("LH Designs") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 256 Bellevue Square in Bellevue, Washington.

1.2. Upon information and belief, Defendant Unique Designs, Inc. ("Defendant") is a corporation organized under the laws of the State of New York with its principal place of business located at 521 Fifth Avenue in New York, New York.

## II. **JURISDICTION & VENUE**

2.1. This Court has subject matter jurisdiction over this matter pursuant to RCW

SECOND AMENDED COMPLAINT – 1
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

2.08.010.

2.2. This Court has personal jurisdiction over Defendant pursuant to RCW 4.28.185.

2.3. Defendant traveled to the State of Washington to negotiate the agreement that is the subject of this lawsuit. While in the State of Washington, Defendant negotiated, transacted, and otherwise entered into the agreement that is the subject of this lawsuit.

2.4. Defendant has transacted, and continues to transact, business in the State of Washington, including but not limited to business with LH Designs, Blue Nile, Nordstrom, Inc., and other Washington-based businesses.

2.5. Defendant's representatives have visited the State of Washington on multiple occasions for business purposes, including but not limited to for purposes of negotiating and establishing a business relationship with LH Designs.

2.6. Defendant sells goods in the State of Washington to Washington-based consumers and retailers, including through brick-and-mortar department stores and through online marketplaces. Defendant injects its products into Washington's stream of commerce.

2.7. Defendant has sufficient minimum contacts with the State of Washington and has purposely availed itself of the laws, protections, and privileges of the State of Washington such that asserting personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

2.8. Venue is proper in King County (Seattle designation) pursuant to RCW 4.12.025(1) and/or RCW 4.12.025(3)(c).

### III. FACTS

3.1. LH Designs is a leading designer of globally inspired, contemporary, hand-crafted fine jewelry and sterling silver jewelry. For 30 years, its founder, Lois Hill, has traveled the world researching and exploring world cultures and historical arts. Ms. Hill has used her research, experience, and knowledge to perfect her jewelry-making techniques and to create unique collections of jewelry.

SECOND AMENDED COMPLAINT – 2
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

3.2. LH Designs owns and controls the intellectual property associated with all Lois Hill brand designs, products, and techniques, including but not limited to copyrights, trademarks, and trade secrets. LH Designs is the global licensor of the Lois Hill brand intellectual property.

3.3. LH Designs generally utilizes factories outside of the United States to manufacture its jewelry and accessories, which are then sold through major retailers, specialty stores, and online retailers.

3.4. Defendant is a New York-based international fine jewelry manufacturer and wholesaler. Defendant markets products to high-end jewelers, online retailers, and mainstream stores. It also sells to discounters and mass marketers such as Kohl's.

3.5. Around January 2019, Defendant's representatives traveled to Washington to meet with Lois Hill and negotiate a Limited Licensing Agreement with LH Designs.

3.6. On or around February 1, 2019, LH Designs and Defendant entered into a Limited Licensing Agreement (the "Agreement"). A true and correct copy of the executed Agreement is attached hereto as Exhibit A.

3.7. Under the Agreement, Defendant was to use its expertise and substantial retail distribution network to sell the Lois Hill brand and jewelry collections throughout North America in department stores, online retailers, jewelry stores, and other major channels of distribution.

3.8. The Agreement provided that the jewelry Defendant sells is to be manufactured by certain producers, located in Indonesia and Thailand, with which LH Designs has existing relationships prior to the signing of the Agreement.

3.9. The original term of the Agreement was 19 months between February 1, 2019, and August 31, 2020.

3.10. The Agreement granted Defendant a non-exclusive, non-assignable, royalty-bearing license to market, sell, and distribute Lois Hill brand products.

SECOND AMENDED COMPLAINT – 3
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

3.11. In exchange for this license, as part of the Agreement, Defendant promised to (a) make cash advances toward the purchase of LH Designs' products; (b) purchase minimum amounts of product from LH Designs' preferred manufacturers; and (c) make royalty payments to LH Designs on back-end retail sales, among other terms and conditions.

3.12. For sterling silver product, Defendant promised to purchase goods from P.T. Laksmi, which is LH Designs' existing Indonesia-based manufacturer.

3.13. For diamond product, Defendant promised to purchase goods from Fineline, which is LH Designs' existing Thai-based manufacturer.

3.14. The Agreement also provides, "If [Defendant] proposes for any Product to be produced in a factory that [LH Designs] is not currently working with, [LH Designs] shall have the right to approve such factory prior to any work being performed. [LH Designs] will have the right to inspect such factory at any time for quality, IP protection, safety, and other matters reasonably related to production and other factors of importance to [LH Designs]."

3.15. Defendant promised to make initial purchases of LH Designs products totaling $275,000 prior to August 31, 2019, and to purchase at least $1,300,000 in LH Designs' products between August 1, 2019, and August 31, 2020.

3.16. The parties agreed and understood that a stable, regular cash flow to LH Designs would be critical to the licensing arrangement. Because LH Designs would need to maintain the financial viability and stability of its oversees producers during the term of the Agreement, LH Designs could not risk that Defendant would not make an agreed minimum amount of orders during the majority of the license term and then place a very large "catch-up" order at the end of the license term in order to satisfy the minimum $1,300,000 sales threshold.

3.17. Therefore, in addition to promising to place initial purchases of $275,000 and to make an initial payment of $125,000, Defendant promised to make minimum monthly payments of $100,000 per month between August 1, 2019, and August 31, 2020, payable on

SECOND AMENDED COMPLAINT – 4
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

the 20th day of the previous month. These payments constitute required advances to be applied to future product on an accrual basis (to be used by August 31, 2020).

3.18.   The crucial nature of these minimum monthly payments is expressly recognized in the Agreement, which provides: "All parties acknowledge and agree that these payments are required as a condition of [LH Designs] entering into this Agreement and will be paid by [Defendant] during the Term and are guaranteed by [Defendant]."

3.19.   The requirement that Defendant make these $100,000 payments on the twentieth day of each month was unconditional.

3.20.   After signing the Agreement, Defendant began to pressure LH Designs into renegotiating the terms of the Agreement. Defendant continually campaigned to replace or modify the Agreement with terms that would be more favorable to Defendant. To that end, Defendant employed a strategy of depriving LH Designs and its producers of the necessary cash flow that LH Designs was entitled to under the Agreement, and which LH Designs needed in order to maintain the viability and operations of its oversees producers.

3.21.   Defendant failed to make initial purchases of $275,000 of product by August 31, 2019, as required under the Agreement. That failure severely impacted LH Designs by depriving it of the cash flow it expected and needed in order maintain the viability and operations of its oversees producers. LH Designs had to keep the oversees produces afloat with cash infusions when Defendant failed to honor its obligations under the Agreement.

3.22.   Defendant consistently paid the required $100,000 monthly installments late. For example, the payment due on October 20, 2019, was not received until October 28, 2019 – 8 days late. The monthly minimum payment that was due on November 20, 2019, was not received until November 28, 2019 – 8 days late. The monthly minimum payment that was due on December 20, 2019, was not received until January 4, 2020 – 15 days late. The January 20, 2020 payment was not received until January 30, 2020 – 10 days late. The February 20, 2020 payment was not received until February 27 – 7 days late.

SECOND AMENDED COMPLAINT – 5
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

3.23. Defendant failed to make the $100,000 payments due and payable under the Agreement on March 20, 2020, and April 20, 2020.

3.24. Defendant withheld the licensing royalty payments due to LH Designs under the "Royalty Payments" section of the Agreement, which were due on the fifteen of each month. Defendant failed to pay the royalty payments when due on April 15, 2020, and March 20, 2020.

3.25. With Defendant in material breach of the Agreement for an extended period of time, LH Designs terminated the Agreement for cause on May 1, 2020.

3.26. Upon information and belief, Defendant manipulated its order processing in bad faith in order to cause hardship to LH Designs and to unilaterally alter the terms of the Agreement, including by ordering only 558 units for a total of only $21,707 of product during the first six months of the Agreement and thereafter placed orders for 35,000 units in July 2019.

3.27. Upon information and belief, Defendant had already received these orders prior to July 2019, but deliberately refrained from passing them onto LH Designs in order to optimize its own cash flow and financial position without regard to the financial commitments owed to LH Designs under the Agreement. Such a delay placed pressure on LH Designs by depriving it of the regular cash flow it needed and made it difficult for LH Designs to satisfy the huge handmade order on a timely basis. Defendant attempted to use LH Designs' difficulty, which Defendant created, to its advantage by trying to renegotiate existing terms of the Agreement for its own benefit.

3.28. Defendant also used other means to try to pressure LH Designs into submitting to its demands to renegotiate the terms of the Agreement. For example, Defendant has threatened to pull Lois Hill jewelry off of QVC, the home shopping network. Further, Defendant has threatened not to provide the "smooth transition that does not result in any loss of business for [LH Designs]" as required by the Agreement, in connection with doing business

SECOND AMENDED COMPLAINT – 6
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

with customers such as QVC after the expiration or earlier termination of the Agreement.

3.29. Defendant informed LH Designs that it sent Lois Hill jewelry to other factories, which LH Designs neither inspected nor approved.

3.30. Defendant threatened to withhold payments required under the Agreement unless it received a 20% discount moving forward.

3.31. Defendant stated it would not make any additional payments due under the Agreement on a going-forward basis.

3.32. Defendant consistently withheld the "detailed report[s]" from LH Designs, which LH Designs is entitled to under the Agreement.

3.33. In May 2020, the Parties were in negotiations to resolve the disputes between them. Both parties were represented by counsel in these negotiations.

3.34. Counsel for LH Designs reviewed a draft settlement agreement and provided substantive revisions and comments in redline form, which LH Designs transmitted to Defendant and Defendant's counsel. While knowing that LH Designs was represented by counsel, Defendant's counsel engaged in ex parte communications with LH Designs in violation of the Rules of Professional Conduct, specifically in communications with LH Designs to dissuade LH Designs from requiring any security for the dismissal of this action in the form of a confession of judgment, delayed dismissal until the terms of the settlement agreement had been fulfilled, or other similar arrangement.

3.35. Any settlement agreement purported to be reached between LH Designs and Defendant is void, unenforceable, and secured through illegal or improper means in violation of the Rules of Professional Conduct.

3.36. Despite Defendant's repeated breaches, LH Designs has fulfilled all order requests and caused all goods to be shipped as requested, with the sole exception of one order for Starboard (for retail sale aboard cruise ships), because Defendant notified LH Designs that this shipment cannot be sent via common carriers UPS or DHL and must be sent via an

SECOND AMENDED COMPLAINT – 7
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

international customs brokerage company named Malca Amit, which has not been able to secure air transport from the origin in Indonesia to Hong Kong in light of the global COVID-19 pandemic.

3.37. Following the termination, Defendant made one $100,000 payment to LH Designs on June 1, 2020. Defendant never made any payments corresponding to the advance that was due on April 20, 2020, or any subsequent advances that would have been due on May 20, June 20, or July 20, 2020.

3.38. Following the termination, LH Designs honored all orders placed prior to termination and has delivered, or caused to be delivered, goods corresponding to those orders. LH Designs has not been fully paid for the goods delivered to Defendant at Defendant's request.

3.39. The Parties have stipulated that the orders fulfilled after termination are governed by the terms and conditions of the Agreement, subject to the reserved defenses in the stipulation dated March 8, 2021.

### IV.     FIRST CAUSE OF ACTION – BREACH OF CONTRACT

4.1. LH Designs restates and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

4.2. The Agreement is an enforceable written contract supported by valuable consideration.

4.3. Defendant materially breached the Agreement by, at a minimum, failing to pay $100,000 advances when due, failing to pay $100,000 advances that are past due and owing; failing to purchase $275,000 in product by August 31, 2019; failing to pay royalty payments that are past due and owing; failing to seek LH Designs' approval to use alternative manufacturers; failing to provide requested reports; failing to smoothly transition clients; and otherwise repudiating Defendant's performance under the Agreement.

4.4. LH Designs has not materially breached the Agreement.

SECOND AMENDED COMPLAINT – 8
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

4.5. LH Designs has incurred damages as a result of Defendant's breach of the Agreement, including but not limited to all lost profits on unperformed portions of the Agreement, unpaid advances due under the Agreement, unpaid royalties for orders placed pursuant to the Agreement, the costs incurred to keep the factories in business when Defendant failed to pay amounts due under the Agreement, and other direct, indirect, consequential, and incidental damages.

## V.   SECOND CAUSE OF ACTION – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

5.1. LH Designs restates and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

5.2. Defendant owes LH Designs an implied duty of good faith and fair dealing in Defendant's performance of the Agreement.

5.3. Defendant breached this implied duty by, at a minimum, entering into the Agreement without any intention to perform its terms and conditions; withholding or otherwise manipulating the timing of product orders to cause hardship to LH Designs; withholding or threatening to withhold payments due under the Agreement for the purpose of gaining leverage to renegotiate the terms of the Agreement; and threatening to damage LH Designs' prospective business interests with QVC or other market participants.

5.4. LH Designs has suffered actual damages as a result of Defendant's breach in an amount to be proven at trial.

## VI.   THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT EXCUSING FURTHER PERFORMANCE

6.1. LH Designs restates and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

6.2. This Court has authority pursuant to RCW 7.24.010 to declare the rights, status, and legal relations of the parties.

SECOND AMENDED COMPLAINT – 9
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

6.3. For the reasons stated above, Defendant materially breached the Agreement.

6.4. When one party is in material breach of a contract, the non-breaching party may treat the breach as a failure of a condition that excuses further performance and thus terminate the contract.

6.5. LH Designs petitions for declaratory relief pursuant to Chapter 7.24 RCW for a finding and declaration that LH Designs is excused from any further performance under the Agreement, and the Agreement shall be terminated. Such a determination shall not limit or impair LH Designs' entitlement to monetary damages.

6.6. Upon declaration of no further performance, LH Designs is entitled to an award of costs pursuant to RCW 7.24.100.

## VII.   PRAYER FOR RELIEF

Having set forth its Complaint, Plaintiff Lois Hill Designs LLC respectfully requests the following relief:

1. Money judgment in favor of Plaintiff Lois Hill Designs LLC and against Unique Designs, Inc. in an amount to be proven at trial but not less than $2,250,000.

2. Declaratory judgment in favor of Plaintiff Lois Hill Designs LLC and against Unique Designs, Inc. excusing Plaintiff from any further performance under the Agreement and terminating the Agreement.

3. Pre-judgment interest at the statutory rate of 12% per annum from the earliest date of liquidation of all debts until the date of entry of judgment.

4. Post-judgment interest at the statutory rate of 12% per annum from the date of entry of judgment until paid in full.

5. Costs, disbursements, and attorneys' fees to the fullest extent allowed by law.

6. Any other relief this Court deems just and equitable.

/ / / / / /

/ / / / / /

SECOND AMENDED COMPLAINT – 10
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

1  Dated this 20th day of May, 2021.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Ryan W. Dumm
Ryan W. Dumm, WSBA #46738
Email: rdumm@schwabe.com
David Ebel, WSBA #28853
Email: debel@schwabe.com
Kainui M. Smith, WSBA #53877
Email: ksmith@schwabe.com
Schwabe Williamson & Wyatt, P.C.
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101
*Attorneys for Plaintiff Lois Hill Designs LLC*

SECOND AMENDED COMPLAINT – 11
CASE NO. 2:20-CV-01403 RSL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206-622-1711

PDX\136440\254689\RWD\30427396.1

**CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 20th day of May, 2021, I arranged for service of the foregoing SECOND AMENDED COMPLAINT to the parties to this action as follows:

>Jeremy E. Roller, Esq.
>Arete Law Group PLLC
>1218 Third Avenue, Suite 2100
>Seattle, WA 98101
>jroller@aretelaw.com
>*Attorney for Defendant Unique Designs, Inc.*

by:

- ☐ U.S. Postal Service, ordinary first class mail
- ☐ U.S. Postal Service, certified or registered mail, return receipt requested
- ☐ hand delivery
- ☐ facsimile
- ☒ electronic service
- ☐ other (specify) _____

/s/ Ryan W. Dumm
Ryan W. Dumm, WSBA #42738

PDX\136440\254689\RWD\30427396.1