Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOIS HILL DESIGNS, LLC, a Delaware Limited Liability Company,<br><br>               Plaintiff,<br><br>   v.<br><br>UNIQUE DESIGNS, INC., a New York Corporation,<br><br>              Defendant. | No. 2:20-cv-01403-RSL<br><br>**ANSWER AND COUNTERCLAIM** |

By and through its undersigned counsel, Defendant Unique Designs, Inc. ("Unique Designs") answers plaintiff Lois Hill Designs, LLC's ("LHD") Second Amended Complaint (Dkt. No. 15) and counterclaims as follows.

## **ANSWER**

1.1.   Unique Designs lacks sufficient knowledge to admit or deny the allegations in Paragraph 1.1, and therefore denies them.

1.2.   Unique Designs admits that it is a New York corporation. Unique Designs denies the remaining allegations in Paragraph 1.2.

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

2.1.  The allegations in Paragraph 2.1 are legal conclusions to which no response is required and are therefore denied.

2.2.  The allegations in Paragraph 2.2 are legal conclusions to which no response is required and are therefore denied.

2.3.  Unique Designs admits that a Unique Designs salesperson negotiated an agreement in Washington State.  The remaining allegations in Paragraph 2.3 are denied.

2.4.  Unique Designs admits that it has done business with LHD, Blue Nile, and Nordstrom.  The remaining allegations in Paragraph 2.4 are denied.

2.5.  Admitted.

2.6.  Unique Designs admits that it sells to Washington-based retailers on a wholesale basis and to online retailers who sell to customers in various states, including Washington State.  The remaining allegations in Paragraph 2.6 are denied.

2.7.  The allegations in Paragraph 2.7 are legal conclusions to which no response is required and are therefore denied.

2.8.  The allegations in Paragraph 2.8 are legal conclusions to which no response is required and are therefore denied.

3.1.  Unique Designs lacks sufficient knowledge to admit or deny the allegations in Paragraph 3.1, and therefore denies them.

3.2.  Unique Designs lacks sufficient knowledge to admit or deny the allegations in Paragraph 3.2, and therefore denies them.

3.3.  Unique Designs lacks sufficient knowledge to admit or deny the allegations in Paragraph 3.3, and therefore denies them.

3.4.  Admitted.

3.5.  Admitted.

3.6.  Admitted.

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

3.7.   Answering Paragraph 3.7, the Agreement speaks for itself.  Except as expressly admitted, the allegations in Paragraph 3.7 are denied.

3.8.   Answering Paragraph 3.8, the Agreement speaks for itself.  Except as expressly admitted, the allegations in Paragraph 3.8 are denied.

3.9.   Answering Paragraph 3.9, the Agreement speaks for itself.  Except as expressly admitted, the allegations in Paragraph 3.9 are denied.

3.10.   Answering Paragraph 3.10, the Agreement speaks for itself.  Except as expressly admitted, the allegations in Paragraph 3.10 are denied.

3.11.   Answering Paragraph 3.11, the Agreement speaks for itself.  Except as expressly admitted, the allegations in Paragraph 3.11 are denied.

3.12.   Unique Designs admits that the Agreement provided that sterling silver products would be purchased from P.T. Laksmi.  However, the Agreement further provided that Unique Designs could use alternate producers upon LHD's approval.  Except as expressly admitted, the allegations in Paragraph 3.12 are denied.

3.13.   Unique Designs admits that the Agreement provided that diamond products would be purchased from Fineline.  However, the Agreement further provided that Unique Designs could use alternate producers upon LHD's approval.  Except as expressly admitted, the allegations in Paragraph 3.13 are denied.

3.14.   Admitted.

3.15.   Unique Designs admits that the Agreement stated that "Total $275,000 of product will be purchased before Aug. 31, 2019" and that "Yearly minimum of $1,300,000 shall be effective from August 1, 2019 through August 31, 2020."  Except as expressly admitted, the allegations in Paragraph 3.15 are denied.

3.16.   Denied.

3.17.   Unique Designs admits that the Agreement stated that "Yearly minimum of $1,300,000 shall be effective from August 1, 2019 through August 31, 2020, with a

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  minimum monthly payment of $100,000 per month, payable on the 20th day of the previous
2  month." Except as expressly admitted, the allegations in Paragraph 3.17 are denied.

3       3.18.   Answering Paragraph 3.18, the Agreement speaks for itself. Except as
4  expressly admitted, the allegations in Paragraph 3.18 are denied.

5       3.19.   Denied.
6       3.20.   Denied.
7       3.21.   Denied.
8       3.22.   Denied.
9       3.23.   Denied.
10      3.24.   Denied.
11      3.25.   Denied.
12      3.26.   Denied.
13      3.27.   Denied.
14      3.28.   Denied.
15      3.29.   Denied.
16      3.30.   Denied.
17      3.31.   Denied.
18      3.32.   Denied.

19      3.33.   Unique Designs admits that in May of 2020 the parties were in negotiations
20 to resolve disputes between them. Unique Designs denies that both parties were
21 represented by counsel at the outset of those negotiations.

22      3.34.   Unique Designs lacks sufficient knowledge to admit or deny the allegations
23 that "Counsel for LH Designs reviewed a draft settlement agreement and provided
24 substantive revisions and comments in redline form," and therefore denies them. The
25 remaining allegations in Paragraph 3.34 are denied.

26      3.35.   Denied.



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

3.36. Unique Designs admits that the Starboard order was not timely shipped. Except as expressly admitted, the allegations in Paragraph 3.36 are denied.

3.37. Unique Designs admits that it made a $100,000 payment to LHD. Except as expressly admitted, the allegations in Paragraph 3.37 are denied.

3.38. Denied.

3.39. Admitted.

### FIRST CLAIM – BREACH OF CONTRACT

4.1. Unique Designs restates and incorporates by reference its responses to Paragraphs 1.1 through 3.39 as though fully set forth herein.

4.2. The allegations in Paragraph 4.2 are legal conclusions to which no response is required and are therefore denied.

4.3. Denied.

4.4. Denied.

4.5. Denied.

### SECOND CLAIM – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

5.1. Unique Designs restates and incorporates by reference its responses to Paragraphs 1.1 through 4.5 as though fully set forth herein.

5.2. The allegations in Paragraph 5.2 are legal conclusions to which no response is required and are therefore denied.

5.3. Denied.

5.4. Denied.

### THIRD CLAIM – DECLARATORY JUDGMENT

6.1. Unique Designs restates and incorporates by reference its responses to Paragraphs 1.1 through 5.4 as though fully set forth herein.

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

6.2. The allegations in Paragraph 6.2 are legal conclusions to which no response is required and are therefore denied.

6.3. Denied.

6.4. The allegations in Paragraph 6.4 are legal conclusions to which no response is required and are therefore denied.

6.5. Denied.

6.6. Denied.

## LHD'S PRAYER

Unique Designs denies that LHD should take anything by way of its Second Amended Complaint and prays that this Court dismiss LHD's Second Amended Complaint in its entirety, enter judgment in favor of Unique Designs on all claims thereof, award Unique Designs its costs of defense and reasonable attorneys' fees, and enter such other and further relief as this Court deems just, fair, and equitable.

## ADDITIONAL DEFENSES

1. LHD's Second Amended Complaint is barred by the doctrine of estoppel.

2. LHD's Second Amended Complaint is barred by the doctrine of unclean hands.

3. LHD's Second Amended Complaint is barred because the damages sustained by LHD, if any, were caused by the actions of another for whose conduct Unique Designs is not responsible.

4. LHD's damages, if any, must be reduced or eliminated by the doctrine of offset.

5. LHD's damages, if any, must be reduced or eliminated due to LHD's failure to mitigate.

6. LHD's Second Amended Complaint is barred by LHD's own breach of the Agreement.

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

7. LHD's Second Amended Complaint is barred by LHD's prevention and frustration of Unique Designs' performance.

8. LHD's Second Amended Complaint is barred by novation.

9. LHD's Second Amended Complaint is barred by release.

## COUNTERCLAIMS

### PARTIES

1. Unique Designs is a New York corporation with its principal place of business in Secaucus, New Jersey.

2. On information and belief, LHD is a limited liability company organized under the laws of Delaware with its principal place of business in Washington State.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. This Court has personal jurisdiction over LHD because LHD has availed itself of this Court by asserting its Second Amended Complaint against Unique Designs and because, on information and belief, LHD is a citizen of Washington State.

5. Venue is proper under 28 U.S.C. § 1391(b) because LHD is a resident of this judicial district, because a substantial part of the events or omissions giving rise to the claims occurred in the Western District of Washington, and because LHD has asserted its Second Amended Complaint against Unique Designs in this Court.

### FACTS

6. Unique Designs is a fine jewelry manufacturer and wholesaler, providing quality jewelry to retailers across the United States.

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

7. LHD sought out Unique Designs due to Unique Designs' robust relationships with retailers throughout the United States, including but not limited to Stein Mart, Macy's, and QVC.

8. On or about February 1, 2019, Unique Designs and LHD entered the "Limited Licensing Agreement" (the "Agreement").

9. LHD committed to Unique Designs that it would provide goods under the Agreement at market rates.

10. On information and belief, LHD or its members own or have a controlling interest in P.T. Laksmi Hartika Deva Bali ("Laksmi").

11. Unique Designs obtained a quote from a jewelry manufacturer in Thailand for the jewelry that Laksmi was producing for Unique Designs. Despite LHD's commitment that it would provide goods at market rates, the quote Unique Designs obtained from the jewelry manufacturer in Thailand revealed that Laksmi was charging prices substantially above the market rate for comparable goods.

12. Through multiple salespeople, Unique Designs diligently pursued orders from its customers for LHD products.

13. Lois Hill, LHD's CEO and one of its members, sent multiple messages and placed multiple telephone calls to Unique Designs' customers' buyers. In those messages and telephone calls, Ms. Hill harassed and pressured Unique Designs' customers to place orders for LHD products.

14. Unique Designs placed orders for LHD products in the amounts requested by its customers. LHD was unable to secure $275,000 in orders by August 31, 2019, because LHD was unable to deliver orders on Unique Designs' customers' desired schedules.

15. In or about August or September of 2019, LHD threatened to refuse to provide goods in exchange for funds already transferred to LHD for Unique Designs having

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 8


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

not secured $275,000 in orders. LHD demanded additional funds and orders to continue performing under the Agreement.

16. LHD consistently failed to deliver orders on the schedules requested by Unique Designs' customers, which lead to a lower volume of orders and commitments to order, cancellations of orders, and assessment of penalties on Unique Designs by Unique Designs' customers.

17. In violation of the Agreement, LHD demanded that Unique Designs pay royalties on goods that had been provided to Unique Designs' customers on consignment and that had not yet been sold. LHD threatened to terminate the Agreement if Unique Designs refused to accede to this demand.

18. In or around April of 2020, LHD attempted to circumvent Unique Designs' relationship with QVC by attempting to secure additional orders and larger orders without consulting with or including Unique Designs.

19. In or around April of 2020, LHD attempted to terminate the Agreement so that it could do business directly with QVC, which would take advantage of Unique Designs' relationship with QVC, interfere with Unique Designs' relationship with QVC, and deprive Unique Designs of profits for orders QVC would place.

20. In or around April of 2020, LHD threatened to file a lawsuit against Unique Designs if Unique Designs did not agree to terminate the Agreement. LHD provided a draft complaint against Unique Designs.

21. On or about May 1, 2020, LHD filed a Complaint against Unique Designs in King County Superior Court.

22. In May of 2020, Unique Designs and LHD negotiated and entered a Settlement and Release Agreement (the "Settlement Agreement"). The Settlement Agreement contained a "general release in the broadest form." Further, under the



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Settlement Agreement LHD was required to dismiss its lawsuit against Unique Designs with prejudice within five days of execution of the Settlement Agreement.

23. The Settlement Agreement extinguished the rights and obligations under the Agreement. The Settlement Agreement extinguished the claims LHD asserts against Unique Designs in this lawsuit.

24. Despite that the Settlement Agreement required LHD to dismiss its lawsuit against Unique Designs with prejudice within five days of execution of the Settlement Agreement, LHD failed to dismiss the lawsuit.

25. LHD denies the Settlement Agreement extinguished the rights, obligations, and claims under the Agreement. LHD denies the Settlement Agreement is a valid and enforceable contract.

26. Unique Designs has suffered harm from LHD's failure to comply with the Settlement Agreement and dismiss LHD's lawsuit against Unique Designs with prejudice. That harm includes attorneys' fees and other costs and expenses relating to this lawsuit.

## FIRST CLAIM

### (Declaratory Judgment)

27. Unique Designs re-alleges and incorporates by this reference all allegations in the preceding paragraphs.

28. Under the Declaratory Judgment Act, this Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

29. There is an actual controversy between Unique Designs and LHD regarding whether the Settlement Agreement is an enforceable contract and whether it extinguished the rights, obligations, and claims under the Agreement.

30. Unique Designs is entitled to attorney's fees and costs under Paragraph 10 of the Settlement Agreement.

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 10

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

31. Unique Designs is entitled to a declaratory judgment that the Settlement Agreement is an enforceable contract and that it extinguished the rights, obligations, and claims under the Agreement.

## SECOND CLAIM

**(Breach of the Settlement Agreement)**

32. Unique Designs re-alleges and incorporates by this reference all allegations in the preceding paragraphs.

32. The Settlement Agreement is a valid contract between Unique Designs, on one hand, and LHD, on the other.

33. The Settlement Agreement imposed a duty on LHD to dismiss its lawsuit against Unique Designs with prejudice within five days of execution of the Settlement Agreement.

34. LHD breached its duty to dismiss its lawsuit against Unique Designs within five days of execution of the Settlement Agreement.

35. Unique Designs has suffered damage as a result of LHD's breach of the Settlement Agreement.

36. Unique Designs is entitled to attorney's fees and costs under Paragraph 10 of the Settlement Agreement.

## THIRD CLAIM

**(Breach of the Agreement)**

37. Unique Designs re-alleges and incorporates by this reference all allegations in Paragraphs 1 to 26 of its Counterclaim. Unique Designs pleads this counterclaim in the alternative to its first and second counterclaims.

38. The Agreement is a valid contract between Unique Designs, on one hand, and LHD, on the other.

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

39. The Agreement and the parties' course of dealing imposed duties on LHD to fulfill orders in a timely fashion, to obtain production of orders when needed, to timely approve marketing materials, and to cooperate with Unique Designs in producing displays for merchandise.

40. LHD breached the Agreement by failing to fulfill orders in a timely fashion, by refusing to produce orders when needed, by unreasonably withholding approval of marketing materials, by failing to cooperate with Unique Designs in producing displays for merchandise, and by demanding payment of royalties before royalty payments were due.

41. Unique Designs has suffered damage as a result of LHD's breach of the Agreement.

## FOURTH CLAIM

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

42. Unique Designs re-alleges and incorporates by this reference all allegations in Paragraphs 1 to 26 of its Counterclaim. Unique Designs pleads this counterclaim in the alternative to its first and second counterclaims.

43. LHD owes Unique Designs an implied duty of good faith and fair dealing in LHD's performance under the Agreement.

44. LHD breached this implied duty by, at a minimum, (a) entering into the Agreement without any intention to perform its terms and conditions, (b) delaying production and shipment of orders to cause hardship to Unique Designs, (c) harassing Unique Designs' customers and their representatives by messages, and phone calls, (d) threatening to withhold orders, (e) threatening to refuse to honor credits for funds already paid to LHD to attempt to manipulate and force Unique Designs to place additional orders, and (f) damaging Unique Designs' existing and prospective business interests with QVC and other market participants.

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 12

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

45. Unique Designs has suffered damage as a result of LHD's breach of the implied duty of good faith and fair dealing.

### FIFTH CLAIM

### (Tortious Interference)

46. Unique Designs re-alleges and incorporates by this reference all allegations in Paragraphs 1 to 26 of its Counterclaim. Unique Designs pleads this counterclaim in the alternative to its first and second counterclaims.

47. Unique Designs has valid contractual relationships and business expectancies with its customers, including but not limited to QVC.

48. LHD knew of Unique Designs valid contractual relationships and business expectancies with Unique Designs' customers. LHD interfered with those relationships and business expectancies by communicating with Unique Designs' customers through messages and telephone calls, in which Ms. Hill harassed and pressured Unique Designs' customers to place orders for LHD products.

49. Unique Designs' contractual relationships and business expectancies with its customers were breached and/or terminated due to LHD's interference.

50. LHD had an improper purpose (to take advantage of and circumvent Unique Designs' customer relationships) and used improper means in its interference with Unique Designs' contractual relationships and business expectancies.

51. LHD's interference has caused damage to Unique Designs, including by diminishing Unique Designs' ability to place other vendors' goods with Unique Designs' customers.

### PRAYER FOR RELIEF

WHEREFORE, Unique Designs requests the following relief:



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

A.	For declaratory judgment in its favor and against LHD that the Settlement Agreement is an enforceable contract and that the Settlement Agreement extinguished the rights, obligations, and claims under the Agreement;

B.	For judgment in its favor and against LHD on its breach of the Settlement Agreement claim in an amount and/or a form of relief to be determined at trial;

C.	Alternatively to Prayer Paragraphs A and B, for judgment in its favor and against LHD on its breach of the Agreement claim in an amount to be determined at trial;

D.	Alternatively to Prayer Paragraphs A and B, for judgment in its favor and against LHD on its breach of the implied covenant of good faith and fair dealing claim in an amount to be determined at trial;

E.	Alternatively to Prayer Paragraphs A and B, for judgment its favor and against LHD on its tortious interference claim in an amount to be determined at trial;

F.	For an award of attorneys' fees, costs, and expenses incurred in connection with this lawsuit; and

G.	For such other and further relief as this Court deems just and proper.


DATED: June 10, 2021.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:    (206) 428-3251
jroller@aretelaw.com

*Attorneys for Defendant/Counterclaim Plaintiff Unique Designs, Inc.*

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 14

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated:

**BARRETT & GILMAN**

Thomas L. Gilman
1000 Second Avenue, Suite 1430
Seattle, WA 98104
tgilman@bgseattle.com

*Attorneys for Plaintiff/Counterclaim Defendant Lois Hill Designs, LLC*

☐ Hand Delivery
☐ Certified Mail
☐ Facsimile
☒ E-mail
☐ U.S. Mail
☒ E-filing

Dated this 10th day of June, 2021.

/s/ Janet C. Fischer
Janet C. Fischer
Paralegal

ANSWER AND COUNTERCLAIM
No. 2:20-cv-01403-RSL – Page 15

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250