1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOIS HILL DESIGNS, LLC,

Plaintiff,

v.

UNIQUE DESIGNS, INC.,

Defendant.

Cause No. C20-1403RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on "Plaintiff's Motion for Partial Summary
Judgment" (Dkt. # 26) and "Unique Designs' Motion for Summary Judgment" (Dkt. # 29).
Plaintiff alleges that defendant materially breached a Licensing Agreement (Dkt. # 1-1 at 14-16)
through which defendant marketed, sold, and distributed Lois Hill brand and jewelry collections.
Plaintiff seeks at least $2,250,000 in damages. Defendant argues that the parties entered into a
Settlement Agreement (Dkt. # 27 at 71-79) in which plaintiff promised to dismiss this case with
prejudice and to release any and all claims arising under the Licensing Agreement. Defendants
request that the Court enforce the Settlement Agreement, find that plaintiff breached the
Agreement, and dismiss the case.

Summary judgment is appropriate when, viewing the facts in the light most favorable to
the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1

judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp*., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp*., 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp*., 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, having heard the arguments of counsel, and taking the evidence in the light most favorable to the non-moving party, the Court finds as follows:

1. The parties objectively manifested assent to sufficiently definite terms when Ravi Patel forwarded a revised version of the settlement agreement to Bill Brady on May 20, 2020, and Mr. Brady, acting as plaintiff's agent, accepted the terms. *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177-78 (2004). Under Washington law, parties generally "have a duty to read the contracts they sign. *Del Rosario v. Del Rosario*, 152 Wn.2d 375, 385 (2004). Plaintiff obliquely suggests that the duty does not apply because it was induced to accept the revised agreement by the fraudulent representations or omissions of defendant. While the Court does not adopt this proposition, even if true, plaintiff was required under Washington law to announce its intent to rescind the contract on the ground of fraud, if that were its purpose, within a reasonable time of discovering the true facts. *Fines v. W. Side Implement Co.*, 56 Wn.2d 304, 310 (1960); *Chamberlain Grp., Inc. v. Nassimi*, No. C09-5438BHS, 2010 WL 1875923, at *3 (W.D. Wash. May 10, 2010). Instead, plaintiff took steps inconsistent with an intent to avoid the contract, notifying the state court that a settlement had been reached, authorizing shipments and accepting/demanding payments pursuant to the agreement, and admitting in the course of this litigation that the agreement is a valid contract. It gave nary a hint that it might want to rescind the agreement for more than two months, essentially waiting to see "whether avoidance or affirmance will be more profitable" given the continuing marketing, sales, and distribution

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 3

obligations set forth in the agreement. Restatement (First) of Contracts § 483 comment a. (1932). "When a party fails to take steps to rescind within a reasonable time and instead follows a course of conduct inconsistent therewith, the conclusion follows that he has waived his right of rescission and chosen to continue the contract." *Town of LaConner v. American Const. Co., Inc*., 21 Wn. App. 336, 340 (1978).

2. The absence of a Ledger (Schedule A) as an attachment to the document forwarded to and accepted by Mr. Brady on May 20, 2020, does not make the Settlement Agreement too indefinite or uncertain to be enforced. It is undisputed that a Ledger existed at the time and that both parties intended it to be part of the Settlement Agreement. The numbers on the Ledger were the subject of mathematical calculation and, pursuant to the Agreement, at least some of them would be adjusted once actual proceeds and costs were known. The issue is whether defendant should be permitted to correct the Ledger calculations, using the parties' agreed parameters for determining what was owed, to account for two invoices that were mistakenly added to the Ledger's starting balance when, in fact, defendant had already paid them. Plaintiff takes the position that defendant had ample opportunity to check and recheck its calculations and is now stuck with the error. While there is clearly a dispute regarding whether the Ledger's starting balance was fixed in stone or subject to further modification based on the actual facts, the dispute is subject to judicial resolution with readily ascertainable numbers and does not invalidate the contract for being too indefinite or uncertain.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 4

3. Paragraph 2.m. of the settlement agreement clearly and expressly required plaintiff to dismiss this lawsuit with prejudice within five days of full execution of the agreement. The parties knew how to make certain obligations contingent "upon the satisfaction . . . of any and all of their obligations under this Agreement" (Dkt. # 27 at 74) but chose not to use that language in the provision that specifically addresses the timing of the dismissal.[1] "Settlement agreements may have the effect of immediately and permanently extinguishing one party's claims in exchange for the other party's promise to perform," as opposed to their actual performance, but "the intent to establish such an agreement must be expressly clear." *Rosen v. Ascentry Tech., Inc.*, 143 Wn. App. 364, 366 (2008). In this case, the analysis is complicated by the fact that the parties chose to divorce the timing of the release and prohibition against new claims, which occur only after the parties have satisfied any and all of their obligations under the agreement (Dkt. # 27 at 71 and 74), from the date on which this lawsuit was to be dismissed (Dkt. # 27 at 74). The Court need not determine the impact of that separation before enforcing the clear, unambiguous, and specific requirement that plaintiff dismiss this lawsuit with prejudice within five days of the full execution of the agreement.

4. Defendant has shown that plaintiff was contractually obligated to dismiss this lawsuit with prejudice back in May 2020. Plaintiff argues, however, that defendant cannot enforce that

---

[1] Plaintiff's argument that "full execution of this Agreement" means the satisfaction of all obligations thereunder is not supported by the ordinary meaning of the phrase, the circumstances presented here (in which the document would be executed in counterparts), or the different language used where full satisfaction was to be required.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 5

provision because defendant is in material breach of the agreement. Under Washington law, "[i]f a breach is slight or insubstantial, it is called a partial breach, for which plaintiff's damages are restricted to compensation for the defective performance." *Colo. Structures, Inc. v. Ins. Co. of the West*, 161 Wn.2d 577, 589 (2007) (citing Laurence P. Simpson, Handbook of the Law of Contracts § 187, at 377 (2d ed. 1965)). Where the breach is material (*i.e.*, where it amounts to a substantial or total failure of consideration for the promises exchanged), it excuses the other party's performance and justifies the abandonment of the contract. *Cartozian & Sons, Inc. v. Ostruske-Murphy, Inc.*, 64 Wn.2d 1, 5-6 (1964); *224 Westlake, LLC v. Engstrom Properties, LLC*, 169 Wn. App. 700, 724–25, 281 P.3d 693, 707 (2012). Not all breaches are material, and plaintiff has made no effort to show that defendant's failure to make the paragraph 2.a. payments at precisely the times specified was particularly significant in the context of the parties' larger relationship. With regards to the later breaches, plaintiff has failed to explain how defendant's failures to make payments or to take actions required after May 2020 could possibly excuse plaintiff's earlier failure to perform. The Restatement (Second) of Contracts § 237 (1981) makes clear that a party's remaining duties under a contract are conditioned on there being "no uncured material failure by the other party to render any such performance *due at an earlier time*" (emphasis added). Because plaintiff's obligation to dismiss the case with prejudice arose prior to the time of any arguably material breach on defendant's part, defendant may enforce that obligation.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 6

5. Any disputes regarding the parties rights under the Settlement Agreement or the enforcement of its terms must be "commenced and maintained in any state court located in the State of Washington, King County." Dkt. # 27 at 75. Having now determined that paragraph 2.m. of the Settlement Agreement requires dismissal of this lawsuit, the Court declines to determine the parties' claims of breach or the available remedies.

For all of the foregoing reasons, plaintiff's motion for partial summary judgment (Dkt. # 26) is DENIED and defendant's motion for summary judgment (Dkt. # 29) is GRANTED in part. The Court hereby DECLARES that the Settlement Agreement is an enforceable contract that required plaintiff to dismiss this lawsuit with prejudice back in May 2020. The Court therefore DISMISSES this action: the Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff. The Court declines to determine the parties' various claims of breach or what effect this dismissal has on the parties' rights, obligations, and claims under the Licensing Agreement.

Dated this 16th day of February, 2023.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 7